

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **RICKY L. STEVENSON,** | |
| **Appellant,** | **WD84787** |
| **v.** | **OPINION FILED:** |
| **MISSOURI DEPT OF HEALTH AND SENIOR SERVICES, ET AL.,** | **MAY 3, 2022** |
| **Respondents.** | |

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable John M. Torrence, Judge**

**Before Division Three: Gary D. Witt, Presiding Judge, Anthony Rex Gabbert, Judge,
W. Douglas Thomson, Judge**

Ricky Stevenson appeals the judgment of the Jackson County Circuit Court dismissing his petition with prejudice. He raises five points on appeal. The appeal is dismissed.

## Facts

This case involves medical marijuana facility licenses issued by the Missouri Department of Health and Senior Services ("DHSS"). Stevenson missed the deadline to apply for a license and asked DHSS for a waiver to file his application. DHSS determined it had no constitutional authority to grant a waiver and denied the request. Stevenson filed a complaint with the Administrative Hearing Commission ("the Commission") appealing DHSS's denial of his request

and the constitutionality of DHSS regulations. The Commission found it lacked authority to hear the appeal because its jurisdiction with respect to medical marijuana licenses was limited to license denials or renewals, and Stevenson had not been denied a license. Stevenson then filed a petition for judicial review, mandamus, declaratory and injunctive relief in the Jackson County Circuit Court. He named the Commission as a defendant along with DHSS. The court found that the Commission was not a proper party. The court further found that, because he never applied for a medical marijuana license and because he was never denied a license, Stevenson presented neither a contested nor a non-contested case and dismissed the matter with prejudice.

This appeal follows.

## Analysis

"Although [Stevenson] appears *pro se*, he is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Walker v. Precythe*, 635 S.W.3d 374, 375 (Mo. App. W.D. 2021) (internal quotation marks omitted). "Rule 84.04 specifies the required contents of a brief on appeal." *Id.* at 376 (internal quotation marks omitted). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Id.* (internal quotation marks omitted).

"An appellant's failure to substantially comply with Rule 84.04 preserves nothing for our review and constitutes grounds for dismissal of the appeal." *Id.* (internal quotation marks omitted). "This is especially true where, as here, we cannot competently rule on the merits of [Stevenson's] argument without first reconstructing the facts ... and then refining and supplementing [his] points and legal argument." *Id.* (internal quotation marks omitted).

Stevenson's first point relied on in his amended brief states:

THE TRIAL COURT ERRED IN REFUSING TO REVIEW THE CASE BECAUSE THE CASE IS A PETITION FOR REVIEW, INJUNCTIVE, DECLARATORY AND MANDAMUS RELIEF. THE PLAINTIFF CHALLENGES BOTH THE MISSOURI CONSTITUTION AND THE RULES SET BY THE DEFENDANTS AS UNCONSTITUTIONAL AND DISCRIMINATORY AND SEEKS AN INJUNCTION, AS WELL AS SEEKING REVIEW OF ADMINSITRATIVE ORDERS FROM THE DHSS REFUSING TO ALLOW THE APPELLANT/PLAINTIFF TO APPLY, AND THE AHC STATING IT ONLY HAS SOLE JURISDICTION OVER LICENSE DENIALS AND NOT REFUSING TO EXAMINE SOMEONE UPON THEIR QUALIFICATIONS. THE DECISION WAS CONTRARY TO LAW, NOT SUPPORTED BY SUBSTANTIAL EVIDENCE AND AGAINST THE WEIGHT OF THE EVIDENCE, IN THAT THE TRIAL COURT DID NOT APPLY TESTIMONY AND ALL EVIDENCE PROVIDED TO IT REGARDING DISCRIMINATION, THE LANGUAGE IN THE CONSTITUTION, ARTICLE XIV BEING CHALLENGED AND RULES SET BY THE DHSS RELATED TO THE MEDICAL MARIJUANA PROGRAM. IN REJECTING THE CLAIMS WITH NO REVIEW IT PRESENTS THE APPEARANCE OF BIAS. APPELLANT RICKY STEVENSON PRESENTED SUBSTANTIAL EVIDENCE THAT HIS STATE AND FEDERAL CIVIL AND CONSTITUTIONAL RIGHTS WERE BEING INFRINGED ON. FURTHERMORE, THESE RIGHTS WERE BEING INFRINGED ON INTENTIONALLY. THE APPELLANT HAS A CONSTITUTIONAL RIGHT TO APPLY FOR A LICENSE IN ARTCILE XIV, SECTION 1, PART 3 8-10 OF THE MISSOURI CONSTITUTION AND IS GUARANTEED EQUAL RIGHTS UNDER THE US CONSTITUTION 14TH AMENDMENT, SECTION 1 AND MISSOURI CONSTITUTION ARTICLE 1 SECTION 2. THESE RIGHTS WERE VIOLATED AND THE APPELLANT HAS SUFFERED IRREPREABLE HARM. QUESTION #14 OF THE FACILITY LICENSING AND SCORING CRITERIA REQUIRING LIQUID ASSETS IS UNCONSTITUTIONAL AND CREATES A RULE THAT IS A BARRIER TO THE APPELLANT. 19 CSR 30-95.025.4(A)(6), ARTICLE XIV, SECTION 1, PART 7(2), ARTICLE XIV, SECTION 1, PART 3, (1)(h) AND 19 CSR 30-95.025.4 (B) ARE UNCONSTITUTIONAL AND DISRIMINATORY AS APPLIED. THE APPELLANT PRESENTS A VALID CLAIM FOR REVERSIBLE ERROR AND REQUESTS THIS COURT VOID THESE FIVE RULES, STATUTE, AND CONSTITUTIONAL LANGUAGE.

"This point does not contain the information required by Rule 84.04(d)(1) or substantially follow the form prescribed by the rule." *Id.* (internal quotation marks omitted).

Where an appellate court is asked to review the decision of a trial court, points relied on "shall (A) [i]dentify the trial court ruling or action that the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of

3

reversible error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."

*Id*. (quoting Rule 84.04(d)(1)).

> Each point relied on shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

*Id*. (emphasis in original) (quoting Rule 84.04(d)(1)). "Abstract statements of law, standing alone, do not comply with this rule." *Id*. (quoting Rule 84.04(d)(4)) (internal quotation marks omitted).

Stevenson's point relied on does identify the trial court ruling he is appealing. It does not, however, state concisely the legal reason for his claim of reversible error or explain in a summary fashion why those legal reasons support the claim of reversible error. "The purpose of the points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Id.* at 376-77 (internal quotation marks omitted).

> Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Id*. at 377 (internal quotation marks omitted). "Thus, to address [Stevenson's] alleged errors we would have to search the argument section of his brief and the record to refin[e] and supplement[] [his] points." *Id.* (internal quotation marks omitted). "It is improper for us to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Id.* (internal quotation marks omitted).

Further, Stevenson's argument section fails to comply with Rule 84.04(e). "[A]n argument must explain why, in the context of the case, the law supports the claim of reversible error." *Id*. at

378 (citing Rule 84.04(e)) (internal quotation marks omitted). "The argument should develop the claim of error by showing how the relevant principles of law and the facts of the case interact." *Id.* (internal quotation marks omitted). "Additionally, an appellant is obligated to cite appropriate and available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations." *Id.* (internal quotation marks omitted). Stevenson fails to do so. "Our court will not speculate as to the parameters of [Stevenson's] arguments on appeal because doing so would improperly cast the court in the role of his advocate." *Id.* (internal quotation marks omitted). "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Id.* (internal quotation marks omitted).

Stevenson's next four points suffer from the same deficiencies and also fail to comply with the requirements set forth in Rule 84.04. We note that Stevenson never applied for a license and, thus, was never denied a license. Moreover, DHSS did not prevent Stevenson from applying for license during the period when applications were being accepted. "While the preference is to decide an appeal on the merits, where[, as here,] a brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits cannot be reached." *Id.* (internal quotation marks omitted). "To address the merits of this appeal, this court would have to become an advocate for [Stevenson] by searching the record for the relevant facts of the case, speculating about the possible claims of error, and crafting a legal argument on [his] behalf." *Id.* (internal quotation marks omitted). "This we cannot do." *Id.* (internal quotation marks omitted).

5

**Conclusion**

The appeal is dismissed.

Anthony Rex Gabbert, Judge

All concur.